**UNITED STATES of America**

v.

**Manuel CHIRENO–GIL, Appellant.**

**No. 10–2982.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) Sept. 14, 2011.

Filed: Sept. 19, 2011.

---

Scott M. Cullen, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Scott P. Sigman, Esq., Sigman & Rochlin, Philadelphia, PA, for Appellant.

Before: SLOVITER, SMITH, and NYGAARD, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

A grand jury returned a one-count indictment against Manuel Chireno–Gil, charging him with attempted possession with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). After the close of the government's case in chief, Chireno–Gil moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a). The United States District Court for the Eastern District of Pennsylvania denied the motion. Thereafter, the jury found Chireno–Gil guilty as charged. Chireno–Gil renewed his motion under Rule 29(c) to no avail. The District Court sentenced Chireno–Gil to, *inter alia*, 120 months' imprisonment. This timely appeal followed, challenging the District Court's denial of the Rule 29 motion.[1] We will affirm.

We "review[ ] the sufficiency of the evidence in the light most favorable to the government and must credit all available inferences in favor of the government." *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir.1998). If a rational juror could have found the elements of the crime beyond a reasonable doubt, we must sustain the verdict. *United States v. Cartwright*, 359 F.3d 281, 286 (3d Cir.2004).

Chireno–Gil contends that the District Court erred because the government failed to offer evidence that permits an inference that he knew he was tendering money in exchange for a controlled substance. The District Court denied the motion summarily. After consideration of the government's case-in-chief, we conclude that there was sufficient evidence for a jury to find beyond a reasonable doubt that Chireno–Gil knew that the "50 kilos," which he was about to receive in exchange for a backpack full of $35,000 in cash, were controlled substances. We will affirm.

---

1. The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.